STATE, MARY RICHEY, PROSECUTRIX, v. JOHN SHUTE, COLLECTOR OF TAXES, &c.

1. The act entitled "An act respecting taxes," approved February 26th, 1879, (*P. L., p.* 54,) did not go into operation until July 4th, 1879, and consequently did not affect the assessment of taxes for the year 1879.
2. The act is not applicable to the interest of an annuitant holding a mortgage merely as security for an annuity, and having no property in the fund.
3. *Quere*, whether the act is objectionable under article IV., section 7, pl. 12, of the constitution as amended in 1875.

On *certiorari.*

Prosecutrix was assessed by the assessor of taxes of the township of Bethlehem, in the county of Hunterdon, for the year 1879, for $7846.23 of personal property. The property on which this assessment was claimed to be made was a mortgage for that amount made by Samuel Creveling, Jr., to Mary Richey, the prosecutrix, and eight others, upon lands in that township. The mortgage was made upon the purchase, by Creveling, of lands of which John Richey, prosecutrix's husband, had died seized, and the amount therein mentioned was ordered by the Orphans' Court to be invested, in lieu of prosecutrix's dower therein. The condition of the mortgage was that the mortgagor should pay prosecutrix $470.77 annually during her life, and after her death should pay to each of the other mortgagees the sum of $980.78, making altogether the sum mentioned in the mortgage. For the amount to be paid to each mortgagee, the mortgagor had given his bond, which the mortgage was to secure.

Argued at February Term, 1881 before Justices VAN SYCKEL and MAGIE.

For the prosecutrix, *O. Jeffery.*

For the defendant, *M. Wyckoff.*

The opinion of the court was delivered by

MAGIE, J. The assessment of taxes removed here by this *certiorari* was made against prosecutrix upon the same property, and in the same manner, as that which was condemned and set aside in *State, Richey, pros.,* v. *Shurts,* 12 *Vroom* 279. Unless the law on the subject has been altered since that decision and before this assessment was made, the rule laid down in that case must be followed.

The assessment now complained of was made in the year 1879. By force of the enactments contained in *Rev., p.* 1140,

§ 1, and *Rev., p.* 1150, § 61, as interpreted in *State, Shippen, pros.,* v. *Harden,* 5 *Vroom* 79, such an assessment was required to be made as of the 20th day of May in each year. It must, therefore, be considered as imposed on persons and property as of that time in the year 1879. There are provisions permitting the addition to the duplicate of taxes, after that date, of property which had been omitted, but there is no pretence that those provisions were resorted to in this case.

The only legislation alleged to affect this question is the act approved February 26th, 1879. *Pamph. L.* 1879, *p.* 54. This act was not required to take effect immediately. Consequently, pursuant to the general act relative to statutes, it went into effect July 4th, 1879, and not before. *Rev., p.* 1122, § 13. Therefore this assessment was made on persons and property as they existed prior to the time that act took effect. It did not operate upon the assessment of taxes for the year 1879.

If, however, this act had been effective at the time of this assessment, I do not think it would have justified the imposition of the tax in question on the prosecutrix. The act of 1879 was intended to affect three classes of property, viz., entailed property, property held in trust, and property held for life. The property here assessed was manifestly neither entailed nor held in trust. I think it equally clear it was not property held by prosecutrix for life. The assessment was made, not on prosecutrix's dower right, but on that into which her right had been commuted, viz., the mortgage. According to its terms, she had no property or interest in, or control over, the fund secured thereby. It belonged to others, and was not payable until after her death. Her interest in the mortgage was merely that of an annuitant holding the mortgage as security for her annuity. She cannot be considered as holding the fund—which was the thing assessed—for life. The act, therefore, would not have been applicable to this case.

Whether the act of 1879 could be sustained under the provisions of article IV., section 7, pl. 12, of the constitution

as amended, was discussed on the argument. The question so presented is an exceedingly interesting one, but its solution not being necessary to a decision of the case, no opinion ought to be expressed thereon.

The state of the case shows that at the time this assessment should by law have been made, there was due to prosecutrix, upon this mortgage, only the sum of $67. The valuation ought to be reduced to that sum. The tax assessed should be proportionately reduced. The remainder should be set aside. The prosecutrix having tendered to defendant the tax really due on $67, which he refused, I think she ought to be entitled to costs on this result.